**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BONITA SHREVE, *et al*.              )
                                      )
     *Plaintiffs*,              )
                                        )
     v.                      )     Civil No.: 3:25-cv-214-SLH
                                        )
UNITED STATES POSTAL SERVICE, *et al*.    )
                                        )
     *Defendants*.            )
                                        )

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants' "Reply" brief of April 15, 2026 (ECF No. 71) (i) asserts entirely new facts, (ii) offers entirely new evidence, and (iii) raises entirely new legal arguments. Accordingly, this Court should ignore certain offending portions of Defendants' Reply, reject Defendants' eleventh-hour claims, and grant Plaintiffs' Motion for Summary Judgment (ECF No. 24).

*First*, Defendants assert new facts. They claim that, on January 16, 2026, DOJ "informed Congress that it was no longer enforcing the statute." Reply at 1. And Defendants claim that, on January 26, 2026, DOJ "informed all federal prosecutors that they may no longer enforce the statute." *Id.*; ECF Nos. 64-1, 71-2. Of course, "[t]here is cause for concern where a movant presents new arguments or evidence for the first time in a summary judgment reply brief, particularly if the District Court intends to rely upon that new information in granting summary judgment to the movant." *Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010).

For starters, the first of Defendants' new exhibits, ECF No. 64-1, is a letter that DOJ purportedly sent to Congress on January 16, 2026, announcing an intention not to enforce Section 1715. But Defendants did not include this document in their contemporaneously filed Response and Cross Motion (ECF No. 27, Jan. 16, 2026). Nor did Defendants bring this letter to Plaintiffs' or the Court's attention until March 23, 2026, well after Plaintiffs had filed their Reply brief on March 9, 2026 (ECF No. 53). Defendants' second new exhibit, ECF No. 71-1, is a purported January 26, 2026 letter to various prosecuting officials within DOJ, notifying them of the OLC Opinion. Again, despite this letter issuing shortly (10 days) after Defendants' Response and Cross Motion, Defendants held the document close to the vest for nearly three months, waiting only until after Plaintiffs had replied to bring it to the Court's attention.[1] Each of these documents was

---

[1] To be sure, Defendants might argue that they are offering the January 26, 2026 letter in rebuttal to Plaintiffs' description of how DOJ and USPS have continued to enforce the statute and regulations well after the OLC Opinion was issued. *See* ECF No. 53 at 13-14. But Plaintiffs did

available to Defendants well in advance of Plaintiffs' filing of their Reply on March 9, yet Defendants chose not to inform Plaintiffs or the Court. Moreover, the significant evidence Plaintiffs submitted (ECF No. 53 at 13-14, ECF No. 54-1 at App.013-App.018) shows that DOJ did and USPS does continue to enforce the statute and regulations, respectively. The Court should ignore Defendants' new exhibits, together with the portions of their briefing that rely on them.

*Second*, Defendants assert that an April 2, 2026 "U.S. Postal Service proposed amended regulation[] … would permit the mailing of lawful firearms...." Reply at 1; *see also* ECF No. 71-2 (attaching same). This new proposed regulation forms the basis of a large portion of Defendants' argument in their Reply. *See* Reply at 1-2, 14-18. According to Defendants, USPS's new proposed rulemaking (i) would "likely" moot Plaintiffs' claims once a final rule is promulgated, (ii) weighs in favor of a finding that this case is not "prudentially ripe" for decision, and (iii) weighs in favor of a stay. But each of these arguments fails.

*First*, and fatal to their case, Defendants openly admit that "[t]he U.S. Postal Service is *still* following its *current* regulations that *prohibit* the shipment of concealable firearms...." Reply at 14 (emphasis added); *see also id.* at 15 n.5 ("Postal regulations currently do not permit the mailing of concealable firearms"), at 12 (admitting that USPS recently enforced its regulations against GOA members Gillam and Valdes), at 13-14 (not disputing that DOJ previously prosecuted a GOA member for violation of Section 1715). And while Defendants accuse Plaintiffs of attempting to

---

not raise some new issue. Rather, Plaintiffs merely pointed out the unsubstantiated nature of Defendant's disavowal. *See id.* at 13. And so now Defendants seek to offer the evidence they could have offered (and apparently regret not having offered) the first time around. Indeed, Defendants surmise that their new evidence "is much more definitive and assuring than the government disavowing … through a legal brief" (Reply at 8), as they previously had done (ECF No. 27 at 1). But that is not how litigation works. *See Nelson Co. v. Counsel for the Official Comm. of Unsecured Creditors*, 959 F.2d 1260, 1267 (3d Cir. 1992) ("Where a party had ample opportunity to produce evidence … and failed to do so, a court should not permit that party to relitigate the case by presenting evidence previously ignored by the party.").

"improperly spin [their March 19, 2026] notice [ECF No. 59-1] as a threat of prosecution," Defendants overlook that a USPS employee quite directly warned a GOA member that violation of Section 1715 carries criminal penalties. ECF No. 59-3 at 2 ("[T]he handgun shipment is not allowable.... Anyone who mails … a nonmailable … hazardous material can be subject to legal penalties, including but not limited to those specific in 18 U.S.C.....").[2]

Even so, because Defendants *expect* that "changes are *likely* forthcoming" to USPS's existing regulation, and "the new regulations will *likely* moot this aspect of Plaintiffs' challenge," Defendants argue that "[t]he Court need not entangle itself in a dispute that is imminently *becoming* moot." Reply at 17, 1 (emphases added). In other words, Defendants seek dismissal despite admitting that Plaintiffs' challenge is not yet moot – it is apparently *pre-moot* – but that it *may* become moot at some unascertainable future date. If anyone's arguments are "unripe" (*id.* at 1), it is this claim of *pre*-mootness made *before* the *allegedly* mooting event actually occurs, rather than Plaintiffs' perfectly ripe claims of past, present, and future irreparable harm.[3]

*Second* and relatedly, Defendants assert that Plaintiffs' claims are not "prudentially ripe," and so this Court should decline to 'say what the law is' for "several more months" until Defendants can get their ducks in a row. Reply at 16. As Defendants explain it:

> "Plaintiffs will not suffer significant hardship waiting for the regulation change," because "[t]he public has been unable to mail firearms through the U.S. Postal Service for almost the entirety of this nation's history – waiting several more months for the U.S. Postal Service to issue its final, superseding rule will not cause

---

[2] Try as they might to repeatedly couch Plaintiffs' challenge as a "pre-enforcement challenge" (Reply at 1, 3, 4, 5, 6, 7, 10, 14, 16), Defendants cannot ignore Plaintiffs' examples of *current* enforcement against them. *See* ECF No. 53 at 14.

[3] Additionally, Defendants failed to raise mootness in their opening brief. *See* ECF No. 53 at 1-2, 20. Because "legal arguments not raised … in the initial motion are generally deemed waived," *Vay v. Huston*, 2016 U.S. Dist. LEXIS 48534, at *26 (W.D. Pa. Apr. 11, 2016), this Court should ignore Defendants' newfound claim of mootness. *See Sproull v. Golden Gate Nat'l Senior Care, LLC*, 2010 U.S. Dist. LEXIS 5088, at *8-9 (W.D. Pa. Jan. 22, 2010) ("the reply brief generally cannot be used to expand the issues … beyond those raised in the moving papers").

catastrophic, irreparable harm." [*Id.* at 17.]

Therefore, Defendants advise the Court against issuance of what they call "an advisory opinion on the legality of the current regulations...." *Id.* at 17.

Defendants' claim is stunning. Indeed, DOJ's OLC Opinion concedes that "the restriction imposed by section 1715 *violates the Second Amendment*." ECF No. 27-1 at 2 (emphasis added). And it is black-letter law that '[t]he loss of [constitutional] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *County of Butler v. Wolf*, 2020 U.S. Dist. LEXIS 93484, at *14 n.3 (W.D. Pa. May 28, 2020) ("the deprivation of constitutional rights … is presumed to be irreparable"); *Holland v. Rosen*, 277 F. Supp. 3d 707, 748 (D.N.J. 2017) ("the continuing constitutional violation can constitute irreparable harm"). Defendants' assertion that this Court should sanction their *admitted* violation of an enumerated constitutional right for "several more months" must be rejected on its face.

*Third*, for the first time in their Reply, Defendants appear to improperly seek a stay from this Court without actually moving for a stay. Reply at 17-18 ("A stay would therefore be an appropriate exercise of this Court's authority...."). But courts do not consider this sort of freewheeling, see-what-sticks request for relief that is unaccompanied by proper filings. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Axis Dynamics, Inc. v. Knox County*, 2025 U.S. Dist. LEXIS 125639, at *1 n.1 (E.D. Tenn. June 24, 2025) ("A party cannot seek affirmative relief through a responsive filing."). Thus, this Court should ignore Defendants' indirect stay request. Nor would a stay be appropriate here. For starters, it would be unprecedented for Defendants to have *agreed* that the statute and regulations violate the Second Amendment, only for this Court to stay the case and allow the violation to continue indefinitely based on Defendants' assurances that they are "likely" to stop violating constitutional rights at

4

some later date "several months" from now.  But more fundamentally, Defendants' "likely" regulatory rewrite is, as a matter of law, incapable of mooting Plaintiffs' challenge *to the statute*. As Plaintiffs have explained, the "Executive Branch lacks any authority to repeal a statute that Congress enacted."  ECF No. 53 at 2.  The fact remains that, even *with* the OLC Opinion, and even *if* USPS modifies its regulations, Plaintiffs still would be committing a federal felony crime if they were to mail a handgun using USPS.  No stay, no OLC Opinion, and no regulatory rewrite can change that underlying reality.  And although Defendants promise that "the federal government is not *criminally* enforcing § 1715" and is not "*prosecuting* § 1715 as to anyone" (Reply at 6-7), such promises do not mitigate the web of sanctions *other than criminal indictments* that exist throughout federal law.[4]  In other words, Section 1715 has teeth regardless of Defendants' attempts to avoid an unfavorable ruling.  A stay pending "likely" issuance of a new USPS regulation would be inappropriate, because the Court still would need to address that underlying issue.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment should be granted, and Defendants' Motion should be denied.

---

[4] For example, were Plaintiffs to rely on the OLC Opinion and ship handguns, **(i)** there still could be forfeiture for "any firearm … involved in … any violation of any … criminal law of the United States," 18 U.S.C. § 924(d)(1); *see, e.g.*, Superseding Information at 2-3, *United States v. Ferguson*, No. 4:22-cr-00423-JST (N.D. Cal. Nov. 7, 2022), ECF No. 26; Indictment at 12, *United States v. Perez*, No. 3:23-cr-00092-VAB (D. Conn. May 31, 2023), ECF No. 17; Indictment at 2, *United States v. Bravo*, No. 3:16-cr-00045-MMH-PDB (M.D. Fla. Apr. 13, 2016), ECF No. 14; **(ii)** a violation of Section 1715 could be considered uncharged "relevant conduct" under the Sentencing Guidelines, netting an enhancement upon conviction for a crime like illegal transfer to a felon (18 U.S.C. § 922(d)(1)) or illegal shipment across state lines (*id.* § 922(a)(5)); **(iii)** such conduct might affect a federal clearance under 32 C.F.R. § 147.12(b)(1) for "admissions of criminal conduct, regardless of whether the person was formally charged"; **(iv)** such conduct theoretically could still be charged indirectly as a conspiracy under 18 U.S.C. § 371; and **(v)** a person could still be arrested (even if not "prosecut[ed]") by any federal *or state* law-enforcement officer with jurisdiction.  Plaintiffs are still subject to any or all of these penalties, in spite of Defendants' promise not to criminally prosecute for violations of Section 1715.

Dated: April 22, 2026                          Respectfully submitted,

                                               /s/ Stephen D. Stamboulieh
Oliver M. Krawczyk (PA 334423)                 Stephen D. Stamboulieh (MS 102784)
Gilbert J. Ambler (PA 326124)                  STAMBOULIEH LAW, PLLC
AMBLER LAW OFFICES, LLC                         P.O. Box 428
115 South Hanover Street, Suite 100            Olive Branch, MS 38654
Carlisle, PA 17013                             T: (601) 852-3440
T: (717) 525-5822                              stephen@sdslaw.us
F: (540) 773-2414
oliver@amblerlawoffices.com
gilbert@amblerlawoffices.com                   *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

   I hereby certify that, on April 22, 2026, Plaintiffs served the foregoing filing on all parties

in this matter via the Court's electronic filing system.


Dated: April 22, 2026

                                               /s/ Stephen D. Stamboulieh
                                               Stephen D. Stamboulieh

6